UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOMA GETTY PRIDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-5831 |
| | ) | |
| DEAN MALANIS. and | ) | Judge John W. Darrah |
| GREAT LAKES SERVICE II, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SOMA GETTY PRIDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-5833 |
| | ) | |
| DARWIN ASSET MANAGEMENT; | ) | Judge John W. Darrah |
| THOMAS DRIVE PARTNERSHIP; and | ) | |
| owner of record of 705-715 THOMAS | ) | |
| DRIVE, BENSENVILLE, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Soma Getty Priddle ("Priddle"), filed two Amended Complaints: the first, against Defendant Darwin Asset Management ("Darwin"), alleging one count of premises liability; the second, against Dean Malanis ("Malanis") and Great Lakes Service II, Inc. ("Great Lakes"), alleging one count each of "Violation of Illinois Tow Law" and replevin. Malanis and Great Lakes have filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), which Darwin has joined. The Motion has been fully briefed. For the following reasons, Defendants' Motion is granted.

**BACKGROUND**

Priddle is an airline pilot who resides in Norwalk, Wisconsin. (Am. Compl. Malanis ¶¶ 1, 11.)[1] On the morning of July 24, 2010, Priddle was driving to O'Hare International Airport, amid heavy rains, when police redirected her onto Thomas Drive in Bensenville, Illinois. (Am. Compl. Malanis ¶¶ 12-16.) At a point between 705 and 715 Thomas Drive, police erected barricades and were instructing drivers to turn their vehicles around in an adjacent parking lot owned by Darwin. (Am. Compl. Malanis ¶¶ 18-20.)

While attempting to turn around, a surge of water came through the lot. (Am. Compl. Malanis ¶ 22.) Because Darwin's lot was missing protective barriers, the flood swept Priddle's vehicle, with her inside, off of the lot and into an adjacent drainage ditch. (Am. Compl. Darwin ¶¶ 21, 23.) Priddle was able to escape from her vehicle by climbing out the sliding rear window and grabbing hold of a tree. (Am. Compl. Darwin ¶ 30.) Priddle's vehicle came to rest approximately two blocks east of where it entered the drainage ditch. (Am. Compl. Darwin ¶ 32.) Priddle was able to see her belongings, including several computers and flight manuals, secured to the passenger seat when she observed her vehicle in its final location. (Am. Compl. Malanis ¶ 30.)

Priddle was escorted to O'Hare by Bensenville Police, but returned later in the day with colleagues and equipment to retrieve her belongings. (Am. Compl. Malanis

---

[1] As set forth above, Priddle has filed two Amended Complaints. Facts alleged in Priddle's Amended Complaint against Malanis and Great Lakes are designated (Am. Compl. Malanis), including the corresponding paragraph, and those alleged in Priddle's Amended Complaint against Darwin are designated (Am. Compl. Darwin), including the corresponding paragraph.

¶ 32.) Bensenville Police advised Priddle and her colleagues that the water level was still too dangerous to attempt retrieval of her belongings and to return when the water had receded. (Am. Compl. Malanis ¶ 33.)

Priddle returned with a tow truck driver the following morning, July 25, 2010, to find her truck had been moved. (Am. Compl. Malanis ¶¶ 35, 36.) Unable to locate a property owner who indicated approving a tow, Priddle reported her vehicle stolen. (Am. Compl. Malanis ¶¶ 37, 38.) Bensenville Police denied authorizing a police tow, but were able to locate the vehicle in Malanis's possession. (Am. Compl. Malanis ¶ 38.)

Priddle spoke with Malanis and demanded immediate access to her vehicle, but Malanis stated that he would need to speak to "his lawyer and his police chief" before allowing her access. (Am. Compl. Malanis ¶ 39.) Malanis never contacted Priddle, but the Bensenville Police advised that she would have to wait until the following day to retrieve her possessions. (Am. Compl. Malanis ¶¶ 40, 41.)

On July 26, 2010, Priddle arrived to find her vehicle inside a secure area at Great Lakes, a facility owned by Malanis. (Am. Compl. Malanis ¶¶ 42, 44.) Many of the valuable contents of Priddle's vehicle were missing, and Malanis denied any knowledge of the contents. (Am. Compl. Malanis ¶¶ 46, 48.) Malanis demanded $2,400.00 from Priddle, which she wire transferred the same day. (Am. Compl. Malanis ¶¶ 51, 53.)

When asked by Bensenville Police who authorized the tow of Priddle's vehicle, Malanis initially stated that he could not remember. (Am. Compl. Malanis ¶ 61.) Upon further investigation, Malanis told police that he was authorized by a person named "George" at an address near the final location of Priddle's vehicle. (Am. Compl. Malanis

3

¶ 62.) However, the address given by Malanis did not exist, and no one named George was able to be located near the area. (*Id*.)

**LEGAL STANDARD**

Federal district courts have original jurisdiction of civil cases where the amount in controversy exceeds $75,000.00 and is between citizens of two different states. 28 U.S.C. § 1332(a)(1). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 189 (1936). The proponent of jurisdiction has the burden of proving citizenship and the amount in controversy by a preponderance of the evidence. *Lewis v. Weiss*, 631 F.Supp.2d 1063, 1065 (N.D. Ill. 2009) (citing *Meridian Ins. Sec. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

When a party moves to dismiss based on lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the district court must accept all well-pleaded facts within the complaint as true, but may also consider evidence outside of the pleadings to ensure jurisdiction is proper. *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (citing *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007)). This is especially true when the amount in controversy is challenged, requiring the plaintiff to support its jurisdictional assertion with competent proof. *McMillan v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (quotations and citations omitted). Such proof requires more than "point[ing] to the theoretical availability of certain categories of proof." *Id.* (citations omitted).

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted).[2]

## ANALYSIS

The instant cases come to this Court with a somewhat previously developed procedural history. Prior to the cases being transferred to this Court, the Honorable John A. Nordberg dismissed both complaints for lack of jurisdiction because Priddle "fail[ed] to provide a plausible factual explanation for [her] damages." (12-cv-5831 Dkt. No. 59 at 6.) However, the complaints were dismissed without prejudice, allowing Priddle to file these Amended Complaints along with "a supporting memorandum explaining why she believes she has met her jurisdictional burden." (*Id*. at 7.) Priddle timely filed the Amended Complaints, but has failed to provide the competent proof necessary to assert proper jurisdiction.

In her jurisdictional memorandum, Priddle claims from Malanis $41,518.59 in "compensatory damages" and $75,283.38 in "compensation for her costs to rebuild her life ." (12-cv-5831 Dkt. No. 65 at 3.) Additionally, she claims from Malanis $83,037.18 in "punitive damages on a 1:1 ratio." (*Id*.) From Darwin, Priddle claims "damages, excluding the cost of rebuilding her life . . . in the amount of $61,239.11" and a "total cost, including the rebuild . . . [of] $72,851.31." (*Id*.) In support of these amounts,

---

[2] It is important to note that, although she is proceeding without counsel, Priddle is not a typical *pro se* litigant. She holds at least a J.D. from the John Marshall Law School, and it is believed she holds an LL.M. as well.

5

Priddle has attached a 20-page spreadsheet, itemizing her alleged losses, and various pricing lists from McKay's Family Dodge, Inc.[3]

If punitive damages are necessary to exceed the amount in controversy threshold, it must first be determined whether punitive damages are permissible for the underlying claim. *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008) (citations omitted). "If punitive damages are available, subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." *Id.* (quoting *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000)).

Defendants argue that Priddle's claim of premises liability against Darwin cannot sustain punitive damages because Illinois law "precludes plaintiffs from requesting punitive damages on the face of any complaint based, even in part, on a negligence theory." *McCann v. Presswood*, 721 N.E.2d 811, 814 (Ill. App. Ct. 1999). This argument is persuasive as "[a] premises-liability action is a negligence claim" under Illinois law. *Nelson v. Aurora Equip. Co.*, 909 N.E. 2d 931, 934 (Ill. App. Ct. 2009). Without the addition of punitive damages, Priddle's Amended Complaint against Darwin seeks $72,851.31, an amount short of the jurisdictional threshold.

With respect to Malanis and Great Lakes, Priddle's allegations of violations of "Illinois Tow Law" and replevin do not admit the availability of punitive damages. Priddle makes vague reference to a scheme involving Darwin and Malanis in her Response to Defendants' Motion to Dismiss (Pl.'s Response ¶ 33.), but such a scheme is

---

[3] Priddle also includes numerous irrelevant police reports that cannot be properly considered in any way.

not alleged in the complaint. Further, Priddle's vague accusations of "deliberate violence and oppression" do not suffice to implicate punitive damages.

However, Priddle meets the jurisdictional threshold with respect to her Amended Complaint against Malanis and Great Lakes on her compensatory damage allegations alone. Defendants contest this amount and argue that Priddle provides insufficient competent proof.

Judge Nordberg previously found Priddle's claim of "rebuilding" her life too speculative. Yet, Priddle has simply broken down the claim into smaller speculative parts. For example, entry 466 on Priddle's spreadsheet is labeled "Recreate law school notes, records, study outlines, materials on computer and backup media." (12-cv-5831 Dkt. No. 63 at 39.) Priddle claims to have engaged in this task for 40 hours and values the time at $200.00. (*Id*.) It is unlikely that competent proof exists to justify $200.00 per hour for compiling law school outlines, but even if it does, Priddle has failed to meet her burden of producing it. Obscuring matters further, Priddle lists a "Subtotal time spent trying to rebuild my life" of $33,756.14 and "Total damages from Mala[n]is to rebuild life" of $33,764.79, with no explanation of the difference in amounts. Whichever amount is chosen, it is too speculative to be applied to reach the jurisdictional threshold.

The estimate from McKay's Family Dodge, Inc. requires similar speculation. The quote (not a paid bill) is for $26,940.16 and admits to being a "very rough estimate." (*Id.* at 44.) Yet Priddle, without explanation, lists a range of $34,000 to $45,000 for "Damage to 2006 Dodge [R]am truck." (*Id*. at 21.) Far from competent proof, Priddle fails even to direct which of these three numbers should be applied to calculations of the amount in controversy.

7

Finally, Priddle fails even to allege which defendant is responsible for which damage. Defendants have contested the amount in controversy, and Priddle has failed to meet her burden of competent proof to establish jurisdiction.

**CONCLUSION**

For the reasons set out above, Defendants' Motion to Dismiss [76] is granted; and both of Priddle's Amended Complaints are dismissed without prejudice. Priddle may file a second amended complaint in each of these cases, including specific damages with supporting documentation, within twenty-one days of the date of this order. If second amended complaints are filed, they will be referred to the magistrate judge for a jurisdictional hearing.

Date: June 26, 2014

```
JOHN W. DARRAH
United States District Court Judge
```