SOMA GETTY PRIDDLE,                    )
                                       )
       Plaintiff,                  )
                                       )
    v.                                 )   Case No. 12-cv-5831
                                       )
DEAN MALANIS, and                      )   Judge John W. Darrah
GREAT LAKES SERVICE II, INC.,          )
                                       )
       Defendants.                 )
————————————————————                   )
                                       )
SOMA GETTY PRIDDLE,                    )
                                       )
       Plaintiff,                  )
                                       )
    v.                                 )   Case No. 12-cv-5833
                                       )
DARWIN ASSET MANAGEMENT;               )   Judge John W. Darrah
THOMAS DRIVE PARTNERSHIP; and          )
owner of record of 705-715 THOMAS      )
DRIVE, BENSENVILLE, ILLINOIS,          )
                                       )
       Defendants.                 )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Soma Getty Priddle ("Priddle"), filed her two Complaints against Defendants on July 24, 2012, *pro se*. On February 6, 2013, the Honorable John Nordberg consolidated the two cases. Judge Norberg then dismissed both Complaints without prejudice. The cases were transferred to this Court on April 18, 2014; and Plaintiff's Amended Complaints were dismissed without prejudice on June 26, 2014. Plaintiff filed Second Amended Complaints on July 17, 2014, which were dismissed without prejudice on February 4, 2015.

Plaintiff filed two Third Amended Complaints on February 25, 2015. The first, against Dean Malanis ("Malanis") and Great Lakes Service II, Inc. ("Great Lakes") (collectively, the "Malanis defendants"), alleges one count of "Violation of Illinois Tow Law," one count of

violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/1 *et seq.*, conversion, and replevin. The second, against Defendant Darwin Asset Management ("Darwin"), Thomas Drive Partnership, and the owner of record of 705-715 Thomas Drive, Bensenville, Illinois, (collectively, the "Darwin defendants"), alleges one count of conspiracy to violate Illinois tow law and one count of premises liability. Defendants filed a Joint Motion to Strike and Dismiss both Third Amended Complaints. (12-cv-5831, Dkt. 171.) For the reasons discussed below, Plaintiff's Third Amended Complaint against the Darwin defendants, (12-cv-5833, Dkt. 88), is dismissed for lack of subject matter jurisdiction. Plaintiff's Third Amended Complaint against the Malanis defendants, (12-cv-5831, Dkt. 158), is referred to the magistrate for a final jurisdictional hearing.

## BACKGROUND

The following is taken from the Complaints, which are assumed to be true for the purposes of a motion to dismiss. *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir. 2010).

Plaintiff lives in Norwalk, Wisconsin, but works as an airline pilot at O'Hare Airport. (12-cv-5831, Dkt. 158, ¶¶ 1, 9.) Defendants reside or are incorporated in Illinois. (*Id.* ¶¶ 2-4) Plaintiff was driving to work at O'Hare Airport at approximately 5:30 a.m. on July 24, 2010. (*Id.* at ¶ 10.) That morning there were heavy rains and areas of localized flash flooding. (*Id.* at ¶ 11.) Due to a police barricade on Thomas Drive, Plaintiff was directed into a parking lot owned by the Darwin defendants in order to turn around. (*Id.* at ¶ 19.) While stopped in the parking lot, a surge of water swept Plaintiff's vehicle into a drainage canal. (*Id.* at ¶ 21.) The

2

items in Plaintiff's vehicle, a Dodge Ram truck, included: farm equipment, emergency equipment, personal supplies, pet supplies, law school materials, and materials containing Security Sensitive Information ("SSI"). (*Id.* at ¶¶ 24, 26-27.) Plaintiff escaped the vehicle by breaking through a metal safety barrier and a rear sliding window but could still see her belongings in the vehicle after it was carried some distance. (*Id.* at ¶¶ 28, 29.) Plaintiff attempted to retrieve her belongings that day, but she was informed the water was still too dangerous and told to return after at least twenty-four hours. (*Id.* at ¶¶ 31-32.)

Plaintiff came back to retrieve her vehicle the next day, but she could not find it and reported the truck as missing. (*Id.* at ¶¶ 35, 37.) The Bensenville Police Department located Plaintiff's vehicle in the possession of the Malanis defendants. (*Id.* at ¶ 37.) Malanis refused to return Plaintiff's truck that day. (*Id.* at ¶¶ 38-39.) On July 26, 2014, Plaintiff went to Malanis's lot and saw that most of the contents within the vehicle were missing. (*Id.* at ¶ 45.) Malanis denied any knowledge of how the items in the truck went missing. (*Id.* at ¶¶ 47-49.) Malanis then asked Plaintiff for $2,400.00 to release her vehicle but, after Plaintiff had paid, refused to release the vehicle until the next day. (*Id.* at ¶¶ 50, 53-54, 56.) Malanis finally released Plaintiff's vehicle on July 27, 2014, after demanding an additional $150.00 in cash. (*Id.* at ¶ 60.)

When asked by Bensenville Police who authorized the tow of Priddle's vehicle, Malanis initially stated that he could not remember. (*Id.* at ¶ 61.) After further investigation, Malanis told police that he was authorized by a person named "George" at an address near the final location of Plaintiff's vehicle. (*Id.* at ¶ 62.) But the address did not correspond to a building, and no one named "George" was located at the nearby building. (*Id.*)

## LEGAL STANDARD

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted).[1]

Federal district courts have original jurisdiction of civil cases where the amount in controversy exceeds $75,000.00 and is between citizens of two different states. 28 U.S.C. § 1332(a)(1). The party asserting federal jurisdiction has the burden of proving jurisdiction is proper. *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 189 (1936)). Citizenship and the amount in controversy must be shown by a preponderance of the evidence. *Lewis v. Weiss*, 631 F.Supp.2d 1063, 1065 (N.D. Ill. 2009) (citing *Meridian Ins. Sec. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

When a party moves to dismiss based on lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the district court must accept all well-pleaded facts within the complaint as true but may also consider evidence outside of the pleadings to ensure jurisdiction is proper. *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (citing *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007)). When the amount in controversy is challenged, a plaintiff is required to support her jurisdictional assertion with competent proof. *McMillan v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (quotations and

---

[1] As previously noted, while Plaintiff is proceeding *pro se*, she holds a J.D. from John Marshall Law School and has been admitted to the Bar in Wisconsin.

citations omitted). Such proof requires more than "point[ing] to the theoretical availability of certain categories of proof." *Id.* (citations omitted).

When analyzing a complaint under 12(b)(6), well-pleaded facts in the complaint are taken as true, "but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). A plaintiff must provide some specific facts to support the legal claims asserted in the complaint. *Id.* "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

## ANALYSIS

As set out above, both Complaints have been the subject of several amendments based on jurisdictional issues. The Honorable John A. Nordberg dismissed the original Complaints for lack of jurisdiction because Plaintiff "fail[ed] to provide a plausible factual explanation for [her] damages." (12-cv-5831, Dkt. 59 at 6.) Plaintiff was allowed to file First Amended Complaints, along with "supporting memorandum explaining why she believes she has met her jurisdictional burden." (*Id*. at 7.) Plaintiff timely filed First Amended Complaints, but those too were dismissed for failing to provide competent proof necessary to assert proper jurisdiction. (12-cv-5831, Dkt. 126 at 5.) Following transfer from Judge Nordberg, this Court held it unlikely that competent proof exists to justify the hourly rate that Plaintiff uses as the basis for damages based on "rebuilding" her life to establish the jurisdictional required amount in controversy. (*Id.* at 7.)

Plaintiff then filed two Second Amended Complaints and a document titled "Plaintiff's Proof of Damages: Explanation & Notes." Those Second Amended Complaints were dismissed without prejudice. Plaintiff then filed the Third Amended Complaints at issue, which were referred to the magistrate judge for a jurisdictional hearing.[2] The magistrate judge found that the parties were diverse and that Plaintiff had proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 as to Malanis and Great Lakes. *See* (Trans. 6/2/15, p. 8:16-23) ("So based on that, it seems to me . . . that there is competent proof at least to let you argue as to Malanis and the towing company the 77,661 . . . .")

Defendants then filed a Joint Motion to Strike and Dismiss Plaintiff's Third Amended Complaints, arguing that Plaintiff has not met the damages threshold for diversity jurisdiction. Plaintiff alleges that the Darwin defendants are jointly responsible for the damages alleged against Malanis, as well as total additional expenses of $6,959.82. (12-cv-5833, Dkt. 88, ¶¶ 120-21, 140.) Plaintiff argues that the Darwin defendants are jointly liable with the Malanis defendants because they aided and abetted the Malanis defendants.[3]

---

[2] Plaintiff incorrectly states that this Court found her Complaints to be sufficient. The Second Amended Complaints were dismissed without prejudice, and further Complaints were ordered to be sent to the magistrate judge for a jurisdictional hearing based on previous jurisdictional challenges.

[3] Plaintiff first contended supplemental jurisdiction existed as to the Darwin defendants, but conceded before Judge Finnegan that jurisdiction was based on joint and several liability:

> THE COURT: So let me just short-circuit this. So are you alleging that whatever the damages are that you will prove against Malanis, you will be arguing that Darwin is jointly and severally liable for those damages?
> MS. PRIDDLE: Yes.

(Trans. 6/2/15, p. 10:18-22.)

Defendants challenge the sufficiency of the required jurisdiction amount based on Plaintiff's theory of the Defendants' joint and several liability. The Illinois Tow Law provides that it is "unlawful for any person to aid or abet in any violation of this Chapter." 625 Ill. Comp. Stat. 5/18a-305. "Under Illinois law, to state a claim for aiding and abetting, one must allege (1) the party whom the defendant aids performed a wrongful act causing an injury, (2) the defendant was aware of his role when he provided the assistance, and (3) the defendant knowingly and substantially assisted the violation." *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006) (citing *Thornwood, Inc. v. Jenner & Block*, 799 N.E.2d 756, 767 (Ill. App. Ct. 2003)). Plaintiff makes one allegation in her Complaint against the Darwin defendants regarding their aiding-and-abetting liability:

> Upon information and belief, Dino Mala[n]is and/or other tow drivers with whom he operated a common scheme, violated multiple sections of the Illinois Commercial Safety Towing Law by removing these vehicles without authorization, plundering the contents, charging the owners fees in excess of the amounts authorized by Illinois law, and failing to follow the provisions of the Illinois Commercial Safety Towing Law, and working in collusion with property owners, including Darwin Asset Management and/or Darwin Realty, their employees and agents.

(12-cv-5833, Dkt. 88, ¶ 108.) Similarly Plaintiff makes one allegation in her Complaint against the Malanis defendants regarding Darwin:

> Upon information and belief, Darwin and their agents, including an [s]nowplow operator operated in a common scheme with Mala[n]is and Great Lakes to create and maintain a hazardous condition, which aided and abetted Mala[n]is and Great Lakes to violate multiple sections of the Illinois Vehicle Code.

(12-cv-5831, Dkt.158, ¶ 105.) These allegations are not enough to plausibly demonstrate liability for the Darwin defendants under an aiding-and-abetting theory. There are no allegations

that the Darwin defendants were aware of a role in a towing scheme and no allegations that the Darwin defendants knowingly and substantially assisted any violation by failing to provide safety barriers around parking lots. Therefore, the Defendants are severally liable, and Plaintiff must satisfy the amount in controversy as to each. *See LM Insurance Corp. v. Spaulding Enterprises*, 533 F.3d 542, 548 (7th Cir. 2008).

Plaintiff again alleges punitive damages and damages from possible negative outcomes from the loss of her SSI against the Malanis defendants. "When a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, we should scrutinize that claim closely." *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). Illinois law disfavors punitive damages; and a plaintiff must establish "gross fraud, breach of trust, or other extraordinary or exceptional circumstances clearly showing malice or willfulness." *Roboserve, Inc. v. Kato Kagaku Co.*, 78 F.3d 266, 275 (7th Cir. 1996). As held in the previous rulings on motions to dismiss, punitive damages are not available to Plaintiff. Furthermore, as previously held, damages from the possible loss of her SSI are too speculative. "Damages are speculative when uncertainty exists as to the fact of damages, rather than to their amount." *Moede v. Pochter*, 701 F. Supp. 2d 997, 1003 (N.D. Ill. 2009) (citing *Beerman v. Graff*, 621 N.E.2d 173, 179 (1st Dist.1993)). Plaintiff does not allege that her identity has been stolen or that the SSI was disclosed to anyone, in any way. Further, Plaintiff has already met her obligations under federal regulations by informing the Bensenville Police, the Illinois State Police, the O'Hare Aviation Police, the airline, and the Department of Homeland Security of the loss of her SSI. Plaintiff's

alleged punitive damages and speculative SSI damages do not rise to the level of competent proof to support the required amount in controversy to confer diversity jurisdiction.

Defendants also challenge the sufficiency of Plaintiff's "Illinois Tow Law" claim. The Commercial Relocation of Trespassing Vehicles Law does not provide for a private cause of action. Instead, the statute makes it the duty of the "[Illinois Commerce] Commission and of the State Police and the Secretary of State to conduct investigations, make arrests, and take any other action necessary for the enforcement of this [law]." 625 Ill. Comp. Stat. 5/18c-1702. Failure to comply with the Illinois Commercial Safety Towing Law is "determined by the Illinois Commerce Commission," and violators are subject "to penalties imposed by the Illinois Commerce Commission." 625 Ill. Comp. Stat. 5/18d-155. Plaintiff argues that the recovery of attorney's fees is evidence that the Illinois Legislature intended the availability of private action. However, neither the Illinois Commercial Relocation of Trespassing Vehicles Law nor the Illinois Commercial Safety Towing Law provides for the recovery of attorney's fees. Regardless, the Illinois Commercial Relocation of Trespassing Vehicles Law specifically does not "limit or alter the vehicle owner's civil or criminal liability for trespass [or] . . . limit or alter the civil or criminal liability of any person or entity for any act or omission." 625 Ill. Comp. Stat. 5/18a-303. While Illinois does not allow for a private right of action under those statutes, Plaintiff may still recover for other alleged torts.

However, even assuming that the total cost of replacing Plaintiff's truck, the lost personal items, the initial work trip missed, and the additional expenses pled were solely attributed to the

Darwin defendants, Plaintiff's allegations fall short of the jurisdictional threshold for the Darwin defendants.

The remaining issue is whether Plaintiff has demonstrated a sufficient amount in controversy, by a preponderance of the evidence, against the Malanis defendants. Defendants argue that the diversity threshold has not been reached. Defendants claim that the amounts considered by Judge Finnegan, when allocated between them as the Plaintiff has, do not reach the threshold for either set of Defendants. Plaintiff counters that the magistrate judge did not consider further damages attributable to the Malanis defendants after the initial determination that Plaintiff had reached the threshold against the Malanis defendants. Plaintiff argues that she would reach the damages threshold as to the Malanis defendants even with the damages divided between the two sets of Defendants. There have been a number of filings with different allocations and amounts of damages as to the Darwin defendants and the Malanis defendants. Therefore, the Third Amended Complaint in 12-cv-5831 is referred to the magistrate judge for a final jurisdictional hearing based on the allocation of damages alleged by Plaintiff against the Malanis defendants.

## CONCLUSION

For the reasons set out above, Plaintiff's Third Amended Complaint against the Darwin defendants (12-cv-5833, Dkt. 88) is dismissed for lack of subject matter jurisdiction. Plaintiff's Third Amended Complaint against the Malanis defendants (12-cv-5831, Dkt. 158) is referred to the magistrate judge for a final determination of whether Plaintiff has competent evidence to

prove the amount in controversy against the Malanis defendants, given the alleged distribution of damages.

Date: _____January 12, 2016_____    _____

JOHN W. DARRAH
United States District Court Judge