UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOMA GETTY PRIDDLE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-cv-5831 |
| DEAN MALANIS and | ) Judge John W. Darrah |
| GREAT LAKES SERVICE II, INC., | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Magistrate Judge Weisman issued a Report and Recommendation, concluding that Plaintiff Soma Getty Priddle cannot meet the requirements for diversity jurisdiction against Defendants Dean Malanis and Great Lakes Service II, Inc. Plaintiff filed Objections to Judge Weisman's Report and Recommendation of 9/14/16 [205]. For the reasons set forth below, Plaintiff's Objections [205] are overruled, and the Court adopts Magistrate Judge Weisman's Report and Recommendation.

## **BACKGROUND**

Plaintiff lives in Norwalk, Wisconsin, but works as an airline pilot at O'Hare Airport. (12-cv-5831, Dkt. 158, ¶¶ 1, 9.) Defendants reside or are incorporated in Illinois. (*Id.* ¶¶ 2-4) Plaintiff was driving to work at O'Hare Airport at approximately 5:30 a.m. on July 24, 2010. (*Id.* at ¶ 10.) That morning there were heavy rains and areas of localized flash flooding. (*Id.* at ¶ 11.) Due to a police barricade on Thomas Drive, Plaintiff was directed into a parking lot. (*Id.* at ¶ 19.) While stopped in the parking lot, a surge of water swept Plaintiff's vehicle into a drainage canal. (*Id.* at ¶ 21.) The items in Plaintiff's vehicle, a Dodge Ram truck, included: farm equipment, emergency equipment, personal supplies, pet supplies, law school materials,

and materials containing Security Sensitive Information ("SSI"). (*Id.* at ¶¶ 24, 26-27). Plaintiff escaped the vehicle by breaking through a metal safety barrier and a rear sliding window but could still see her belongings in the vehicle after it was carried some distance. (*Id.* at ¶¶ 28, 29.) Plaintiff attempted to retrieve her belongings that day, but she was informed by the Bensenville Police the water was still too dangerous and told to return after at least twenty-four hours. (*Id.* at ¶¶ 31-32.)

Plaintiff came back to retrieve her vehicle the next day, but she could not find it and reported the truck as missing. (*Id.* at ¶¶ 35, 37.) The Bensenville Police Department located Plaintiff's vehicle in the possession of Defendants. (*Id.* at ¶ 37.) Malanis refused to return Plaintiff's truck that day. (*Id.* at ¶¶ 38-39.) On July 26, 2014, Plaintiff went to Malanis's lot and saw that most of the contents within the vehicle were missing. (*Id.* at ¶ 45.) Malanis denied any knowledge of how the items in the truck went missing. (*Id.* at ¶¶ 47-49.) Malanis then asked Plaintiff for $2,400.00 to release her vehicle but, after Plaintiff had paid, refused to release the vehicle until the next day. (*Id.* at ¶¶ 50, 53-54, 56.) Malanis finally released Plaintiff's vehicle on July 27, 2014, after demanding an additional $150.00 in cash. (*Id.* at ¶ 60.)

When asked by Bensenville Police who authorized the tow of Priddle's vehicle, Malanis initially stated that he could not remember. (*Id.* at ¶ 61.) After further investigation, Malanis told police that he was authorized by a person named "George" at an address near the final location of Plaintiff's vehicle. (*Id.* at ¶ 62.) But the address did not correspond to a building, and no one named "George" was located at the nearby building. (*Id.*)

Plaintiff filed two *pro se* Complaints, 12-cv-5831 and 15-cv-5833, against Dean Malanis ("Malanis") and Great Lakes Service II, Inc. ("Great Lakes") (collectively, the "Malanis

defendants") and Darwin Asset Management ("Darwin"), Thomas Drive Partnership, and the owner of record of 705-715 Thomas Drive, Bensenville, Illinois, (collectively, the "Darwin defendants") on July 24, 2012. On February 6, 2013, the Honorable John Nordberg consolidated the two cases. Judge Nordberg then dismissed both Complaints without prejudice. The cases were transferred to this Court on April 18, 2014; and Plaintiff's Amended Complaints were dismissed without prejudice on June 26, 2014. Plaintiff filed Second Amended Complaints on July 17, 2014, which were dismissed without prejudice on February 4, 2015.

Plaintiff filed two Third Amended Complaints on February 25, 2015. The first, 12-cv-5833, against the Malanis defendants, alleged one count of "Violation of Illinois Tow Law," one count of violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/1 et seq., conversion, and replevin. The second, 12-cv-5831, against the Darwin defendants, alleged one count of conspiracy to violate Illinois tow law and one count of premises liability. Defendants filed a Joint Motion to Strike and Dismiss both Third Amended Complaints. (12-cv-5831, Dkt. 171.) Plaintiff's Third Amended Complaint against the Darwin defendants (12-cv-5833, Dkt. 88) was dismissed for lack of subject-matter jurisdiction. Plaintiff's Third Amended Complaint, against the Malanis defendants (12-cv-5831, Dkt. 158) was referred to the magistrate judge for a final jurisdictional hearing. Magistrate Judge Weisman found that Plaintiff properly alleged only $49,571.52 in damages.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b), a magistrate judge's disposition of a dispositive issue is reviewed *de novo* by the district court. Fed. R. Civ. P. 72(b). If the district court is satisfied with the magistrate judge's findings and recommendations after a review of the

3

record, the district court may "treat those findings and recommendations as its own." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

## ANALYSIS

Plaintiff's Third Amended Complaint asserts one count alleging a violation of Illinois Tow Law, one count alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), one count of conversion, and one count of replevin.

Magistrate Judge Weisman's Report and Recommendation which was extraordinarily comprehensive and thorough and very well researched and reasoned, held that Plaintiff does not meet the $75,000 amount in controversy required for diversity jurisdiction. Federal district courts have original jurisdiction of civil cases where the amount in controversy exceeds $75,000.00 and is between citizens of two different states. 28 U.S.C. § 1332(a)(1). The party asserting federal jurisdiction has the burden of proving jurisdiction is proper. *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 189 (1936)). Citizenship and the amount in controversy must be shown by a preponderance of the evidence. *Lewis v. Weiss*, 631 F.Supp.2d 1063, 1065 (N.D. Ill. 2009) (citing *Meridian Ins. Sec. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). When the amount in controversy is challenged, a plaintiff is required to support her jurisdictional assertion with competent proof. *McMillan v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (quotations and citations omitted). Such proof requires more than "point[ing] to the theoretical availability of certain categories of proof." *Id.* (citations omitted).

4

*Consequential Damages*

Plaintiff objects to the exclusion of her consequential damages. Plaintiff does not specify what consequential damages she is referring to or in what regard Magistrate Judge Weisman excluded them. The Report and Recommendation mentions excluding consequential damages for Plaintiff's conversion claim. As the Report and Recommendation notes, "[g]enerally the measure of damages for conversion of personal property is the market value of the property at the time and place of conversion plus legal interest." *Jensen v. Chicago & W. Indiana R. Co.*, 419 N.E.2d 578, 593 (Ill. App. Ct. 1981). Further, damages from a conversion action "are fixed and complete as of the date of the conversion." *Stathis v. Geldermann, Inc.*, 692 N.E.2d 798, 810 (1998) (citing *Jensen*, 419 N.E.2d 578). Therefore, consequential damages are not available for Plaintiff's conversion claim.

*Equitable and Injunctive Relief*

Plaintiff also argues that equitable and injunctive relief should not have been excluded. Plaintiff alleges that her equitable and injunctive relief seeks "to protect her right to live her life, as the owner of a working farm, a private rural airport, operator of general aviation aircraft, holder of numerous pilot licenses regulated by the Federal Aviation Administration (FAA) and employee as a Boeing 767 Captain of a U.S. registered Part 121 Air Carrier, subject to specific security issues, to the same level of safety and security which she enjoyed prior to Mala[n]is' unauthorized taking of her possessions, including her SSI." (Dkt. 205, p. 11.)

This objection again focuses on the alleged theft and disclosure of her SSI, as defined by federal regulations. *See* 49 C.F.R. § 1520.5 (2009). Federal regulations provide: "When a covered person becomes aware that SSI has been released to unauthorized persons, the covered

person must promptly inform TSA or the applicable DOT or DHS component or agency." 49
C.F.R. § 1520.9 (2004). Plaintiff has met her obligations under the regulation by informing the
Bensenville Police, the Illinois State Police, the O'Hare Aviation Police, the airline, and the
Department of Homeland Security. As previously held, damages from a "catastrophic event"
due to the alleged theft of the information are too speculative for jurisdictional purposes.
Similarly, the "Security Situation Evaluation" provided by Plaintiff lists potential costs and
damages of $15,000 to $100,000, an $85,000 range. These amounts are wholly speculative, as
Plaintiff does not allege that her identity has been stolen or that the SSI was disclosed to anyone,
in any way. Plaintiff may have a claim for hiring an attorney in order to comply with the
regulations as a result of Malanis. However, Plaintiff claims damages for legal fees and security
costs in the amount of $6,960.00, which would still leave her far short of the jurisdictional
threshold requirement.

*Potential Harm*

Plaintiff also objects that the magistrate judge failed to consider potential harm to
Plaintiff. Again, Plaintiff does not specify what this potential harm is or how it relates to the
Report and Recommendation. To the extent that Plaintiff argues that Defendants have not
countered evidence of potential harm, it is Plaintiff's burden to prove that jurisdiction is proper.
*See Travelers Prop. Cas.*, 689 F.3d at 722. Assuming that Plaintiff is referring to the potential
harm from disclosure of her SSI, as discussed above, those damages are too speculative.

*Settlement*

Plaintiff asks this Court to consider previous settlement talks. However, Plaintiff does
not say what the previous settlement offers were or why they would affect the jurisdictional

analysis. Additionally, the previous settlement talks were for all parties associated in the two lawsuits; such settlement offers would obviously be higher given all the torts alleged against multiple parties than against Defendants in this case alone.

*Punitive Damages*

Plaintiff objects that the magistrate judge improperly excluded punitive damages. Plaintiff assumes that Magistrate Judge Weisman was excluding "all punitive damages . . . available to Plaintiff." (Dkt. 205, p. 16.) This is incorrect. The Report and Recommendation discusses the punitive damages that Plaintiff alleges, not the hypothetical world of all possible punitive damages. The Report and Recommendation discusses punitive damages in relation to the alleged theft of Plaintiff's SSI and notes that a previous decision by this Court held that punitive damages were not available on that basis. The Report and Recommendation also discusses punitive damages in relation to Plaintiff's ICFA claim, noting that even if those damages were available, they would "be minimal at best." (Dkt. 203, p. 12, n. 14.) Alleged punitive damages were considered by the magistrate judge.

*Illinois Vehicle Code and ICFA*

Plaintiff objects that damages covered by the Illinois Vehicle Code and the ICFA are available to her. The Illinois Vehicle Code does not provide for a private right of action. The statute makes it the duty of the "[Illinois Commerce] Commission and of the State Police and the Secretary of State to conduct investigations, make arrests, and take any other action necessary for the enforcement of this [law]." 625 Ill. Comp. Stat. 5/18c-1702. Failure to comply with the Illinois Commercial Safety Towing Law is "determined by the Illinois Commerce Commission," and violators are subject "to penalties imposed by the Illinois Commerce

7

Commission." 625 Ill. Comp. Stat. 5/18d-155. Damages from the Illinois Vehicle Code are not available to Plaintiff. As to damages from the ICFA, the Report and Recommendation discusses damages arising from the alleged deception when Malanis allegedly demanded money in return for releasing Plaintiff's vehicle. To the extent that Plaintiff alleges damages to her vehicle, those damages are discussed in reference to her conversion and replevin claims. The magistrate judge correctly considered alleged damages arising under the Illinois Vehicle Code and the ICFA.

## CONCLUSION

For the reasons discussed above, Plaintiff's Objections [205] are overruled; and the Court adopts Magistrate Judge Weisman's Report and Recommendation of 9/14/16. Plaintiff's Third Amended Complaint [158] is dismissed for lack of subject-matter jurisdiction with leave to refile in state court.

Date:     January 25, 2017          /s/ *[signature]*
                                                                        JOHN W. DARRAH
                                                                        United States District Court Judge