# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SOMA GETTY PRIDDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-CV-5831 |
| ) | |
| DEAN MALANIS and ) | Hon. Amy J. St. Eve |
| GREAT LAKES SERVICE II, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendants Dean Malanis and Great Lakes Service II, Inc. have filed a petition for attorneys' fees and costs pursuant to the Federal Rule of Civil Procedure 11. For the following reasons, the Court denies Defendants' petition.

## BACKGROUND

Plaintiff lives in Norwalk, Wisconsin, but works as an airline pilot at O'Hare Airport. (12-cv-5831, R. 158, Third Amended Complaint, ¶¶ 1, 9.) Defendants reside or are incorporated in Illinois. (*Id.* ¶¶ 2-4.) Plaintiff was driving to work at O'Hare Airport at approximately 5:30 a.m. on July 24, 2010. (*Id.* at ¶ 10.) That morning there were heavy rains and areas of localized flash flooding. (*Id.* at ¶ 11.) Due to a police barricade on Thomas Drive, Plaintiff was directed into a parking lot. (*Id.* at ¶ 19.) While stopped in the parking lot, a surge of water swept Plaintiff's vehicle into a drainage canal. (*Id.* at ¶ 21.) The items in Plaintiff's vehicle, a Dodge Ram truck, included: farm equipment, emergency equipment, personal supplies, pet supplies, law school materials, and materials containing Security Sensitive Information ("SSI"). (*Id.* at ¶¶

24, 26-27). Plaintiff escaped the vehicle by breaking through a metal safety barrier and a rear sliding window but could still see her belongings in the vehicle after it was carried some distance. (*Id.* at ¶¶ 28, 29.) Plaintiff attempted to retrieve her belongings that day, but she was informed by the Bensenville Police the water was still too dangerous and told to return after at least twenty-four hours. (*Id.* at ¶¶ 31-32.)

Plaintiff came back to retrieve her vehicle the next day, but she could not find it and reported the truck as missing. (*Id.* at ¶¶ 35, 37.) The Bensenville Police Department located Plaintiff's vehicle in the possession of Defendants. (*Id.* at ¶ 37.) Malanis refused to return Plaintiff's truck that day. (*Id.* at ¶¶ 38-39.) On July 26, 2010, Plaintiff went to Malanis's lot and saw that most of the contents within the vehicle were missing. (*Id.* at ¶¶ 41, 45.) Malanis denied any knowledge of how the items in the truck went missing. (*Id.* at ¶¶ 47-49.) Malanis then asked Plaintiff for $2,400.00 to release her vehicle but, after Plaintiff had paid, refused to release the vehicle until the next day. (*Id.* at ¶¶ 50, 53-54, 56.) Malanis finally released Plaintiff's vehicle on July 27, 2010, after demanding an additional $150.00 in cash. (*Id.* at ¶ 60.)

When asked by Bensenville Police who authorized the tow of Priddle's vehicle, Malanis initially stated that he could not remember. (*Id.* at ¶ 61.) After further investigation, Malanis told police that he was authorized by a person named "George" at an address near the final location of Plaintiff's vehicle. (*Id.* at ¶ 62.) The address, however, did not correspond to a building, and no one named "George" was located at the nearby building. (*Id.*)

Plaintiff filed two *pro se* Complaints, 12-cv-5831 and 15-cv-5833, against Dean Malanis and Great Lakes Service II, Inc. and Darwin Asset Management, Thomas Drive Partnership, and the owner of record of 705-715 Thomas Drive, Bensenville, Illinois, on July 24, 2012. On February 6, 2013, the court consolidated the two cases and dismissed both Complaints without

prejudice. The court dismissed Plaintiff's Amended Complaints without prejudice on June 26, 2014. Plaintiff filed Second Amended Complaints on July 17, 2014, which the court dismissed without prejudice on February 4, 2015. Plaintiff filed two Third Amended Complaints on February 25, 2015. Plaintiff's Third Amended Complaint against Darwin Asset Management, Thomas Drive Partnership, and the owner of record of 705-715 Thomas Drive, Bensenville, Illinois, (12-cv-5833, R. 88), was dismissed for lack of subject-matter jurisdiction. The court referred Plaintiff's Third Amended Complaint against Dean Malanis and Great Lakes Service II, Inc., (12-cv-5831, R. 158), to the magistrate judge for a final jurisdictional hearing.

Magistrate Judge Weisman issued his Report and Recommendations on September 14, 2016, and found that Plaintiff properly alleged only $49,571.52 in damages. Plaintiff objected to Magistrate Judge Weisman's findings. On January 25, 2017, Plaintiff's objections were denied, the Report and Recommendations were adopted, and the case was dismissed for lack of subject-matter jurisdiction.[1] On February 10, 2017, Defendants filed the present petition.

**LEGAL STANDARD**

In the Seventh Circuit, "an attorney violates Rule 11 in maintaining a claim that is unwarranted by existing law or has no reasonable basis in fact." *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 610 (7th Cir. 2008) (quoting Fed. R. Civ. P. 11(b)). Specifically, a court "may impose Rule 11 sanctions for arguments 'that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose.'" *Indep. Lift Truck Builders Union v. NACCO Materials Handling Grp., Inc.*, 202 F.3d 965, 968-69 (7th Cir. 2000) (quoting *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998)); *see also Jimenez v. Madison Area Tech. College*, 321 F.3d 652, 656 (7th Cir. 2003) ("Rule 11 requires that an attorney or party, certify to the best

---

[1] The Executive Committee transferred this case from Judge John W. Darrah to the Court on March 28, 2017.

3

of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that any pleading presented to the court is not presented for an improper purpose, that the claims therein have a legally sufficient basis, and that the allegations and other factual contentions have evidentiary support."); *Brunt v. Serv. Emp. Int'l Union*, 284 F.3d 715, 721 (7th Cir. 2002) ("Sanctions will be imposed if counsel files a complaint with improper motives or without adequate investigation."). Under Rule 11(c)(4), sanctions may include "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

"The burden of proof is on the Rule 11 fee opponent to establish objective reasonableness and adequate pre-filing investigation once a *prima facie* showing of sanctionable conduct has occurred." *Lord v. High Voltage Software, Inc.*, No. 09 CV 04469, 2017 WL 1178147, at *5 (N.D. Ill. Mar. 30, 2017) (citing *Smart Options, LLC v. Jump Rope, Inc.*, No. 12 CV 2498, 2013 WL 500861, at *3 (N.D. Ill. Feb. 11, 2013)). Specifically, "[o]nce a litigant moves based upon non-frivolous allegations for a Rule 11 sanction, the burden of proof shifts to the non-movant to show it made a reasonable pre-suit inquiry into its claim." *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1368 (Fed. Cir. 2007); *see also Bannon v. Joyce Beverages, Inc.*, 113 F.R.D. 669, 674 (N.D. Ill. 1987) ("Once the movant puts forth a prima facie showing that the facts as known to the plaintiff before he filed the complaint were not consistent with allegations in the complaint, certainly the burden shifts to the non-movant to explain that either the facts are not as they have been presented or that in spite of the facts the circumstances at the time the pleading was filed, reasonable inquiry having been made, justified making the allegations.").

The Supreme Court has instructed that Rule 11 "requires a court to consider issues rooted in factual determinations" and has explained, as an example, that "to determine whether an

attorney's prefiling inquiry was reasonable, a court must consider all the circumstances of a case." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990). "The court must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc. v. Office and Prof. Emps. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (citing *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993). A court may impose sanctions on *pro se* litigants, though the court can consider *pro se* status when determining if sanctions are appropriate. *Ochs v. Hindman*, 984 F. Supp. 2d 903, 912 (N.D. Ill. 2013) (citing *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990)). Furthermore, the Seventh Circuit requires that "district judges reflect seriously, and consider fully, before imposing (or denying) sanctions." *Malec Holdings II Ltd. v. Eng.*, 217 F. App'x 527, 529 (7th Cir. 2007) (citing *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 936 (7th Cir. 1989)).

**ANALYSIS**

By signing and presenting a paper to the court, a party is certifying that "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ." Fed. R. Civ. P. 11(b)(1)-(3). "Rule 11 of the Federal Rules of Civil Procedure imposes on any party who signs a pleading, motion, or other paper − whether the party's signature is required by the Rule or is provided voluntarily − an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that

5

the applicable standard is one of reasonableness under the circumstances." *Bus. Guides Inc. v. Chromatic Comm., Ent. Inc.*, 498 U.S. 533, 550 (1991).[2] Defendants argue that Plaintiff violated Rule 11 because (1) "Plaintiff's repeated filings . . . were filed solely for the purpose of harassing these Defendants and increasing the costs of this litigation", (2) "Plaintiff's pleadings were not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, as she was repeatedly advised by the Court that she could not assert various claims she presented and/or could not recover various damages under the claims she was presenting", and (3) "Plaintiff's factual contentions utterly lacked evidentiary support." (R. 213, Petition for Attorneys' Fees and Costs, at 4, 5.)

Defendants have not made a *prima facie* showing that Plaintiff's filings were filed for the sole purpose of harassing Defendants and increasing litigation costs. The Court asking Plaintiff to "evaluate whether her resource would be better utilized by taking her claims to state court" does not show that any future filing was made solely for the purpose of harassment or increasing the costs of litigation. While Defendants claim that Plaintiff ignored "directives from the Court to pursue her claim in state court," (R. 220, Defendant's Reply, at 3), the record does not reflect any such directive. Plaintiff represents that she gave "careful consideration" as to whether federal jurisdiction was warranted and concluded that her interests were best served in federal court due to allegedly persistent auto theft at the state and county level. (R. 217, Plaintiff's

---

[2] Plaintiff argues that her filings must meet the "objectively reasonable basis" test for whether fees should be assessed in an improperly removed case. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). By statute "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This statute is inapplicable because it governs fee-shifting when a case has been improperly removed from state court. Here, Plaintiff filed the suit in federal court at the outset and the court dismissed her complaints for lack of subject matter jurisdiction. Whether there was an "objectively reasonable basis" for removal is inapplicable to this case.

Response, at 20.) Plaintiff was not solely intending to harass Defendants or increase litigation costs.

Nor have Defendants made a *prima facie* showing that Plaintiff's factual allegations lacked evidentiary support. The standard certification for factual allegations under Rule 11(b)(3) is "that there is (or likely will be) 'evidentiary support' for the allegation, not that the party will prevail with respect to its contention." *Iosello v. Orange Lake Country Club Inc.*, No. 14 C 3051, 2015 WL 2330180, at *3 (N.D. Ill. May 14, 2015) (citing Fed. R. Civ. P. 11(b)(3) Advisory Committee Notes (1993 Amendments)). Given Plaintiff's status as a *pro se* litigant from out of state, she appears to have conducted a reasonable inquiry into the factual basis of her claims. Defendants failed to make a showing that Plaintiff's allegations lacked any evidentiary support or that any evidentiary support would not be found.

Defendants have made a *prima facie* showing that some of Plaintiff's claims were not warranted "by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Plaintiff persisted in making some claims that the court clearly ruled did not have a basis in law. Plaintiff argues the claims involving the alleged theft of her Sensitive Security Information and her status as a covered person under 49 C.F.R. § 1520 *et seq.*, were issues of first impression and that the Court never said that there was no private right of action created by the regulations. The latter argument is plainly false. In ruling on the first Complaints, Judge Nordberg stated: "The defendants argue that Section 1520 does not create an implied private right of action giving plaintiff the right to sue third parties who may be in possession of SSI. We agree. *Plaintiff has cited to no cases, nor pointed to any textual basis, which would even remotely support such a right.*" (R. 59, p. 3) (emphasis added). Further, as noted in the memorandum opinion and order dismissing the

7

Amended Complaints, the regulations only require that any covered person, whether they are an employee of an air carrier or an owner and operator of a private aircraft or airport, who "becomes aware that SSI has been released to unauthorized persons" must "promptly inform TSA or the applicable DOT or DHS component or agency." 49 C.F.R. § 1520.9(c) (2009). Plaintiff was repeatedly told that claims related to the alleged theft of her SSI were not supported by the regulations or any case law. Those claims were frivolous.

Plaintiff argues that Defendants made frivolous arguments and ran up litigation costs. First, Plaintiff notes Defendants refused to engage in settlement talks, but there is no requirement to do so. Plaintiff also claims Defendants erroneously argued that Plaintiff misallocated damages for truck repairs and that Plaintiff's truck was totaled. However, those are non-frivolous legal arguments about the proper allocation and amount of damages which affected diversity jurisdiction. Plaintiff further argues attorneys' fees should be denied because of Defendants' repeated assertions that Plaintiff did not reside in Wisconsin. For these assertions, Defendants relied on a LinkedIn profile for Plaintiff which stated that she was in the "Greater Chicago Area" and an unnamed "Pilots and Airmen" registry site listing an address in Summit, Illinois. (R. 102, at 4; R. 133, at 5-6.) Defendants have at least some basis for their claims that Plaintiff was not a citizen of Wisconsin. Plaintiff is correct, however, that Defendants should have known that Illinois law did not support their repeated arguments Plaintiff could not recover damages reimbursed by insurance.

Defendants request reimbursement for all of their litigation costs. Where a "defendant would have incurred [an] expense in any event[,] he has suffered no incremental harm from the frivolous claim," and "the court lacks a basis for shifting the expense." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017) (citing *Fox v. Vice*, 563 U.S. 826, 836 (2011)).

Plaintiff pled non-frivolous claims in her Complaints but was unable to meet the threshold for federal diversity jurisdiction. Defendants would have incurred the costs of defending against most of her claims and those costs cannot be shifted. Further, Defendants did not substantively address Plaintiff's frivolous allegations regarding SSI in subsequent briefs, except noting that costs associated with them were unavailable in their brief to the Magistrate Judge when the Third Amended Complaint was sent for a jurisdictional hearing and in their response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. As such, it is unclear what costs arose from those frivolous claims.

Plaintiff's filings were not made solely for the purpose of harassing these Defendants and increasing the costs of this litigation and her factual contentions did not utterly lack evidentiary support. While some of Plaintiff's claims were not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, the costs to Defendants based on those claims are unclear, and seemingly negligible. Therefore, Defendants' request for attorneys' fees and costs is denied.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's Petition for Attorneys' Fees and Costs.

**DATED:** March 15, 2017

**ENTERED**

_____
AMY J. ST. EVE
United States District Court Judge

9